JOHN WARREN & *al. versus* JOSEPH WALKER.

A written agreement to waive all defence which a party might otherwise make under the statute of limitations, is not sufficient as an acknowledgment of indebtedness, or as an express promise, to take the case out of the operation of the statute.

But a party is bound by his written agreement, made for a sufficient consideration before the statute could operate as a bar, not to set up the statute of limitations as defence to a claim against him.

If a District Judge decides rightly, but gives erroneous reasons for his decision, no sufficient ground is thereby afforded for sustaining a writ of error, or bill of exceptions. *(S. P. Ellis* v. *Jameson,* 17 Maine R. 235.)

Parol evidence is admissible to prove the consideration of a written contract, where none is expressed therein.

Where evidence as to matter of fact, within the province of the jury, although appearing to be unimportant, is erroneously admitted at the trial, objection being made thereto, and this Court have no means of ascertaining that it did not have an influence upon the minds of the jury, exceptions to such admission must be sustained.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

On February 5, 1842, the plaintiffs brought their action on an account annexed to the writ for the rent of a certain mill for sawing lumber.

With the general issue the statute of limitations was pleaded.

The plaintiffs offered in evidence the account, at the foot of which was a note signed by H. C. Babb, and a memorandum signed by the defendant. A copy follows.

"Capt. Joseph Walker to J. & N. Warren and Benjamin Roberts,                                                          Dr.

"1835, Dec. 9.   To use of Crowfoot mill, so called,

for sawing 62,388 feet of lumber, at 3s. per M.  · $31,19.

"Saccarappa, Dec. 10, 1835. — Capt. Joseph Walker will pay this bill.                                H. C. Babb."

"Dec. 7, 1841. — I hereby waive all defence which I might otherwise make to the above bill by law under and by virtue of any statute of limitation.                Joseph Walker."

Babb had before testified, but he did not appear to have been authorized by the defendant to act for him in the matter.

The counsel for the defendant objected to the admission of the note signed by Babb, but the objection was overruled, and the whole was read to the jury.

*W. Goodenow,* was called by the plaintiffs, and testified, that when the memorandum was signed by the defendant it was done in consideration of an agreement by the plaintiffs to delay commencing a suit on the account.   The defendant told Mr. Goodenow, that he need not sue the demand, that he wanted to see the plaintiffs; that he would not take advantage of the statute of limitations; that the agreement was signed; and that the delay was given.   The defendant objected to the admission of this testimony, but the objection was overruled.

Testimony was introduced to show, that originally the defendant was liable, and also that he was not.

The counsel for the defendant requested the Judge to instruct the jury: 1. That the memorandum on the account annexed to the writ, signed by the defendant, was not such an acknowledgment of the debt, or promise to pay the same, as the statute of limitations requires.

2.  That upon the evidence, the plaintiffs and defendants were partners in the lumber sawed, and this action could not be maintained at law.

3.  That if maintainable against the defendant otherwise, yet that this action could not be maintained, because too many plaintiffs were found, the mill being leased only to John Warren.

As to the third request, the presiding Judge left the matter of fact to be decided by the jury, merely instructing them, that if there were too many plaintiffs, it would be fatal to the action. As to the other two, the instruction was, that the memorandum signed by the defendant, as proved, was a sufficient acknowledgment of the debt by the defendant, or promise to pay the same, under the statute of limitations, whether it was signed by him before or after the six years had expired from the time the cause of action had accrued.

The defendant then requested the Judge to instruct the jury, that if, when the defendant signed the memorandum on the account, he supposed the demand was not barred, when in fact it was, that the statute was a good defence. The Judge refused to give this instruction.

The verdict was for the plaintiff, and the jury found specially, that the memorandum signed by the defendant was made within six years from the time the cause of action accrued.

The defendant filed exceptions to the rulings and instructions of the presiding Judge.

*Deblois* and *O. G. Fessenden,* for the defendants, contended, that the memorandum signed by the defendant is not such an express acknowledgment of the existence of the debt, or a promise to pay the same, as the Rev. St. c. 146, § 19, requires. The acknowledgment must be one of the debt. Merely waiving the defence of the statute of limitations is no acknowledgment of the debt.

Such an acknowledgment under the present law must be an express one to be sufficient, although prior to it, this was not required. Dane, c. 161, § 1. An express acknowledgment of the debt dispenses with the necessity of any further proof; but a mere promise not to take advantage of the statute would not. The proviso in the English statute of limitations of 9 Geo. 4, c. 14, § 1, is in these words. "Unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby." That in the Massachusetts Rev. St. is the same in substance and in

nearly the same words. "Unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby." That in this State is," "unless such acknowledgment or promise be an express one, and made or contained in some writing, signed by the party chargeable thereby." If then the decisions on this subject in England or in Massachusetts are in our favor, they are in point, although they might not be, if against us, as our statute requires more. Chitty on Bills, (8th Am. Ed.) 610, 611, and notes ; 9 C. & P. 209 ; 6 B. & Cr. 566 ; 21 Maine R. 433 ; 4 C. & P. 173 ; 3 Metc. 218 ; 2 Pick. 368 ; 22 Pick. 219 ; 21 Pick. 324.

The Judge erred in not excluding the memorandum signed by Babb. Even if he was the agent of the defendant, it was not admissible, because it was not made in the discharge of any duties as agent. 13 Maine R. 386 ; 15 Johns. R. 239.

The testimony of Mr. Goodenow was inadmissible, inasmuch as it tended to explain and aid that which the statute intended should appear only in writing.

*W. Goodenow*, for the plaintiffs, considered the statutes of Massachusetts and Maine, in this respect, alike in substance. He could see no difference between a promise in writing and an express promise in writing.

A man may be willing to continue all the rights, which another may have, without acknowledging the existence of the debt. That is the case here. The promise is express and in writing, and that is all the statute requires. *Webber* v. *Williams College*, 23 Pick. 302. The Court will not permit a man to take advantage of a defence, which he has expressly waived.

Goodenow's testimony was admitted merely to prove a consideration for the promise. All the authorities agree, that parol evidence is admissible for such purpose, where nothing is said on the subject in the writing.

The memorandum by Babb could not be taken from the paper without destroying it. The contents of the memorandum were verified by Babb as a witness at the trial. It was

not admitted as evidence of indebtedness, and could have had no influence for such purpose. That was abundantly proved by other evidence.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action of assumpsit upon an account for services done and performed. The defendant, in the Court below, pleaded the general issue, and filed a brief statement, setting up the statute of limitations in defence. The plaintiff on the trial there produced a memorandum, subjoined to a bill of particulars of his account, in these words, " Dec. 7, 1841, I hereby waive all defence, which I might otherwise make to the above bill by law, under and by virtue of any statute of limitations ; " which was signed by the defendant ; and contended that it amounted to a written acknowledgment of the indebtedness of the defendant ; or to an express promise by him to pay the debt, thereby taking the case out of the statute of limitations, in conformity to the provision in the statute of 1841, c. 146, § 9, and the presiding Judge so ruled. At the conclusion of the trial the defendant filed exceptions to this, and several other rulings of the Court.

Whatever may be the impression, as to the honor and uprightness of the defendant, in setting up the statute of limitations, after having signed such a memorandum, still it will be incumbent upon us to be guided by the rules of law in our decision in reference to it. It is the right of every citizen to have the law administered according to the just import of its terms. The law of the land must necessarily be comprised of a body of general rules. In their adoption it cannot be foreseen how they will operate in every possible case that may arise ; and though in general they will be sure to be promotive of equal and exact justice, yet cases may occur under them, in which undue advantage may, and by those not under the control of a strict moral sense, will be taken. To avoid such results Courts are sometimes strongly tempted to put a construction upon enactments, of which the terms would other-

wise seem hardly to be susceptible. Whether the Judge in the Court below, in view of the unreasonableness of setting up, under the circumstances, of this ground of defence, was under any such amiable influence, for such it may be termed, it is unimportant for us to inquire; but we can entertain no doubt, that his construction of the memorandum, introduced by the plaintiff, was not in strictness correct. To test its correctness we may inquire whether the memorandum, according to its terms, could have stood in the way of any defence, other than that of the statute of limitations. If it contains an acknowledgment of indebtedness, or a promise to pay the debt, it surely would do so. But the defence, which the defendant agreed to waive, was only that, which he had, "under and by virtue of any statute of limitations." He did not agree to waive the defence of payment, or of the non-performance of the services as charged, or indeed of any other defence, which he might have had to the original cause of action. There could not, then, have been implied, in the memorandum, any absolute, or even conditional acknowledgment of indebtedness, and much less any absolute or conditional promise to pay the debt. Upon this ground, therefore, the memorandum could have no effect to obviate the defence under the statute of limitations.

But there was another ground upon which the memorandum may be considered as effectual for that purpose. When the defendant agreed to waive any defence, which he might have had, "under and by virtue of any statute of limitation," it must be understood to be an agreement never to set up any such defence. Now a covenant not to sue an obligor in a bond is tantamount to a release of the obligation; and an agreement in writing never to sue on a parol contract, has a similar effect. *Foster* v. *Purdy*, 5 Metc. 442. By a parity of reasoning the memorandum in this case should preclude the defendant from setting up this defence. This view of the subject is very much strengthened by the case of *Webber* v. *Williams College*, 23 Pick. 302. In that case Webber held a note, purporting to be signed by a person acting as agent

for the defendants. When it had stood nearly six years the plaintiff demanded payment. The treasurer of the defendants wrote to the plaintiff, saying if he would forbear suing then he should have the same rights he then had for one year more ; and this the plaintiff complied with. The Court considered this agreement to be a waiver of the defence, afterwards attempted to be set up under the statute, as it was entered into before the limitation was complete. In the case at bar the jury found that the limitation of six years had not elapsed when the memorandum was signed. The two cases, therefore, are very nearly, if not quite parallel ; and the former is strongly in point for the plaintiff; and we are inclined to acquiesce in the reasons for such a decision.

The question will now be, whether, as the Judge assigned a wrong reason for suffering the memorandum to operate against the statute bar, it is competent for us to overrule the exception under consideration or not. It has been considered, that, if a Judge decides right, though he may give erroneous reasons for so doing, yet that no ground is thereby afforded for sustaining a writ of error, and we have repeatedly decided, in such case, that the excepting party was not, in the language of the statute authorizing the filing of summary exceptions, aggrieved ; and when, in such case exceptions have been taken we have overruled them ; and we do not perceive that such a rule might not well be applied in this case.

Exception was taken to the testimony of William Goodenow. It became necessary, it would seem, to prove that the memorandum, signed by the defendant, was not executed without a valuable consideration therefor. Parol evidence, for such purpose, was admissible. It neither varied, explained or contradicted the terms of the agreement; but showed merely that it was obligatory, like proof that the instrument was duly executed. To prove the consideration it became necessary to show the circumstances, which occasioned the making of it. To that extent his testimony was clearly unobjectionable. And it is not perceived, that, in the residue of it, there was any thing tending to vary or contradict the import of the mem-

orandum; and, therefore, may be deemed immaterial; and, the suffering it to be introduced, a mere misspence of time, which could furnish no ground for sustaining a bill of exceptions. To send causes back to incur the delay and expense of a new trial, when, though there may have been some irregularities of proceeding, there is no reason to apprehend, that any injustice has resulted therefrom, would be alike detrimental to the interest of the public, and to that of the parties concerned.

There is, however, another exception taken, which may seem to come within this category; yet, on the whole, we are unable to come to the conclusion that it should be so considered. It was to the refusal of the Judge to require the erasure or exclusion of a note, placed upon the plaintiff's bill of particulars, by Henry C. Babb, and over his signature; which was, that the defendant would pay it. This it was the right of the defendant to have had excluded; for Babb himself testifies, that he had no authority to bind the defendant by any writing whatever. Upon the introduction of such testimony, the note or memorandum may not have had the slightest influence upon the decision by the jury. We are unable to perceive, that, without it, the other evidence would not have been abundantly sufficient to charge the defendant; so much so, that the note, in the view of sensible men, might be deemed wholly unimportant. But this was matter of fact, and within the province of the jury; and the refusal of the Judge to reject the note may have given it importance in their minds; and as we have no means of ascertaining that it did not, we must consider the exception for this cause as well taken.

The other exceptions taken at the trial were not insisted upon at the argument; and it does not occur to us that they were of any validity.

*Exceptions sustained.*