HILL vs. HACKETT, administrator.

Where an action was brought on the following written promise, signed by the intestate of the defendant: "Received of G. W. Hill the following jury tickets, which I promise to return, or account for if used (describing their numbers and amounts), November 8th, 1878," such an action was not barred by the lapse of four years before the commencement of the suit, but it could be brought at any time within six years.

(a) The fact that the contract was not a promise to pay money, but was an acknowledgment of the receipt of claims and a promise to account for them, did not alter the case, the suit being for the breach of such contract.

December 14, 1887.

Statute of limitations. Contracts. Before Judge FAIN. Catoosa superior court. February term, 1887.

Reported in the decision.

J. H. ANDERSON, by brief, for plaintiff.

R. J. McCAMY, for defendant.

SIMMONS, Justice.

Hill commenced suit in a justice's court in Catoosa county against N. T. Hackett, administrator of I. R. Jobe, on the following written instrument:

" Received of G. W. Hill the following jury tickets, which I promise to return, or account for if used (describing the numbers and amounts of the jury tickets), November 8th, 1878.

(Signed)   I. R. JOBE.''

It appears from the record that the suit was commenced after four years had elapsed from the signing of the paper, and before six years had elapsed.  The case was appealed from the justice's court to the superior court, and submitted to the judge without the intervention of a jury.

The sole question involved and submitted to the court was, whether the action was barred after four years had elapsed, or whether it was six years before it would be barred  The court held that the right of action was barred after four years had elapsed, and rendered judgment against the plaintiff, to which judgment the plaintiff excepts and assigns error thereon.

We think the court erred in holding that the right of action was barred in four years.  Section 2917 of the code provides that all actions on promissory notes, bills of exchange, or other simple contracts in writing, shall be brought within six years after the same become due and payable.  This, in our opinion, was a simple contract in writing, and under the section referred to, the right of action would not be barred until six years had elapsed from the time it became due and payable.  It is an undertaking in writing, signed by Jobe, wherein he promised to return or account for the tickets.  The code, section 2918, provides that all actions upon open accounts, or for the breach of any contract not under the hand of the party sought to be charged, or upon an implied *assumpsit* or undertaking, shall be brought within four years.  This section cannot apply to the instrument sued on, because by its terms it

includes only accounts, and the breach of contracts not under the hand of the party sought to be charged. The difference between these two sections is, that the latter relates only to accounts, and claims without written evidence from the debtor himself of their validity, while the former relates to such claims as are in writing, signed by the debtor himself.

It is contended by the defendant in error that the paper sued on is not a promise to pay money, but is simply an acknowledgment of the receipt of claims and a promise to account for them, and that there was no right of action on the paper. While it is true that it is not a promise to pay money, it is still a contract in writing; and the suit is for the breach of the contract in writing signed by Jobe, the intestate of the defendant in error; and six years not having elapsed from the breach of the contract until the suit was brought, the plaintiff's right of action was not barred.

Judgment reversed.