## ABIEL TRASK *vs.* WILLIAM WEEKS, AND STINSON WEEKS.

### Lincoln.   Opinion February 18, 1889.

*Limitations.   Statute.   Waiver.   New Promise.*

The defendant being indebted in 1868 to plaintiff in account, which was barred by the statute, gave the plaintiff the following writing: "Whereas A. (the plaintiff) has unsettled accounts against B. and myself which it is not convenient to settle at this time, now I hereby agree to waive any and all objections to said accounts, which might be brought against them, on account of the statute of·limitations, and hereby renew the promise to pay whatever balance shall be against us."

In an action on the account commenced in 1888, *Held*, not to be an independent covenant not to plead the statute in the future.   To do so, would require a division of the contract, and if so construed, would be void for want of consideration, as the account was barred at its date.   It was a new promise under the statute, having a sufficient consideration;—but is itself barred by the statute.

ON REPORT.   The action, which was assumpsit, on account annexed, was to stand for trial, if in the opinion of the law court it could be maintained.

*C. E. Littlefield*, for plaintiff.

Agreement contains two elements; a waiver of the statute of limitations, and a new promise.   Defendant perpetually estopped from setting up the statute.   The agreement is a perpetual bar to its operation.   *Warren* v. *Walker*, 23 Maine, 458, and cases there cited, approved in *Hodgdon* v. *Chase*, 29 Maine, 47, 50.   Agreement not to plead the statute, held to operate as an estoppel. *Utica Ins. Co.* v. *Bloodgood*, 4 Wend. 652; *Lowry* v. *Dubois*, 2 Bailey (S. C.), 425; *Lindsay* v. *Jameson*, 4 McCord (S. C.), 93; *Glenn* v. *McCullough*, Harp. (S. C.) 484; *Stearns* v. *Stearns*, 32 Vt. 678; *Noyes* v. *Hall*, 28 Vt. 645; *Burton* v. *Stevens*, 24 Vt. 131, 132.

*W. H. Hilton*, for defendants.

Action cannot be maintained against William Weeks.   R. S., c. 81, § 97.   *True* v. *Andrews*, 35 Maine, 183.

Contract was essentially conditional.   Plaintiff having never

presented or settled any, cannot maintain this action. *Lunt* v. *Stevens*, 24 Maine, 534. The new promise must identify the debt with certainty. *Landis* v. *Roth*, 109 Pa. St. 621; *Buckingham* v. *Smith*, 23 Conn. 453; *Clarke* v. *Dutcher*, 9 Cow. 674; *Gray* v. *Garcelon*, 17 Maine, 145; *Bell* v. *Morrison*, 1 Pet. 351. The agreement itself is barred. *Noyes* v. *Hall*, 28 Vt. 645. Agreement not to sue, different from agreement to waive statute. Agreement not to sue is a discharge, and ends the matter. Agreement to waive statute barred in six years. Agreement is a new promise. There should be a count upon it. *Howe* v. *Saunders*, 38 Maine, 350, 352.

Littlefield, in reply, cited: *Dinsmore* v. *Dinsmore*, 21 Maine, 433, 437; *Shipley* v. *Shilling*, 66 Md. 558; *Hunter* v. *Kittredge*, 41 Vt. 359; *Jordan* v. *Jordan*, 85 Tenn. 561.

DANFORTH, J. It is conceded that this action cannot be maintained against the defendant, William Weeks. The result as to the other defendant must depend upon the construction of the following written contract, viz :

"Whereas Abiel Trask of Jefferson has unsettled accounts against William Weeks and myself which it is not convenient to settle at this time, now I hereby agree to waive any and all objection to said accounts, which might be brought against them on account of the statute of limitations, and hereby renew the promise to pay whatever balance shall be against us." This contract was dated March 20, 1868, signed by the defendant Stinson Weeks and presumably delivered to the plaintiff at its date ; and now after the lapse of twenty years this action is brought upon an account which is assumed to be that referred to in the agreement. To this action the defendant proposes to plead the statute of limitations. Is it competent for him to do so ?

The plaintiff answers this question in the negative, claiming that the contract is equivalent to a covenant not to set up the statute in the future as a defense to the debt and is therefore technically an estoppel, or operates as an estoppel to avoid circuity of action, and relies upon *Warren* v. *Walker*, 23 Maine, 453.

It is clear that the contract cannot operate as an estoppel, for having been entered into after the statute limitation had taken

effect, there is no evidence in the case that the plaintiff, in consequence of it, has been induced to change his position, so as to lose any legal rights by delay or otherwise.

There appear also insurmountable obstacles to its operation as a covenant. To give it this, or any effect, it must necessarily have a sufficient consideration to support it. Such a contract, as seen in *Warren* v. *Walker*, is entirely independent of that mentioned in the statute as an acknowledgment of or a new promise to pay the debt, and must therefore have an independent consideration. In *Warren* v. *Walker*, this was evidently considered an indispensable requisite and much stress was laid upon the fact that a sufficient consideration there appeared.

In this case, though there appears abundant consideration for the contract construed as a new promise, none appears for such as the plaintiff claims it to be. As such it is immaterial that there is a subsisting debt, for while the debt is the subject matter of the contract, its state or condition is not changed, its obligation has neither increased or diminished. Its value might be greater in consequence of a valid contract of that kind, but a benefit to the plaintiff is no reason for an increased obligation to the defendant, and the statute limitation having already applied, the delay takes no legal right from the plaintiff. True, as a supplementary report, there is in the case an agreement from the plaintiff to the defendant which we may assume is a part of the same transaction, but it is not of the same tenor as the defendant's. It promises nothing. It simply agrees to waive the statute and "allow whatever may be found justly due them on settlement." This can only be construed to allow the amount on the plaintiff's account, and as the defendant had already provided for this by his promise to pay the balance only, the agreement could be of no value to him, or injury to the plaintiff. It can, therefore, hardly be considered a valid consideration for the defendant's contract as claimed by the plaintiff.

The proper construction of the agreement shows clearly that it is not in effect what the plaintiff claims, but that it was intended rather as the new promise, contemplated by the statute, to take the account out of its provisions, than an independent covenant not to set it up in defense. The plaintiff contends that it is both;

that it contains two elements ; a waiver of the statute, and a new promise to pay the balance due. There may be two elements, but they constitute one contract only. They are so combined that they cannot be separated and must be construed as one whole. It is not to be expected even if it were possible, that the parties would thus put in one, two contracts so entirely different in their nature and effect, when either would have answered the purpose in view. That the parties at the time the contract was made, had in view the then condition of the account is evident from its terms. It refers in the preamble to the inconvenience of a settlement "at this time," agrees to waive, not the statute, "but all objections which" not may, but "might be brought against them on account of the statute" and then evidently to accomplish this purpose, adds, "and hereby renew the promise to pay whatever balance shall be against us" thus making the last clause a qualification of what went before. The waiving and the promise, must stand or fall together; the former being in force only as long as the latter, and hence the contract as a whole subject to the statute of limitations.

Thus it is seen that this case differs materially from that of *Warren* v. *Walker*, *supra*, in which the contract contained, as shown in the opinion, nothing which could be construed into a promise, but was a simple waiver of the statute founded upon a sufficient consideration.

In *Hodgdon* v. *Chase*, 29 Maine, 47, a much more restricted agreement and one more nearly like that in *Warren* v. *Walker* if not of the same effect, was treated as intended for an acknowledgment and new promise. Otherwise, it could not have been rejected for not being in writing ; for, no statute requires a contract not to set up the statute in defense simply, to be in writing.

In *Kellogg* v. *Dickinson*, 147 Mass. 432, (reported in 7 N. E. R. 5) in which the contract differed from that in the case at bar only in the fact that the promise was renewed by a payment, it was held that the contract was not a covenant not to plead the statute in the future. That case is in point.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.