## SMALL *v.* JONES.

1. An agreement to waive any defense under the statute of limitations, made without consideration after the bar of the statute had attached, is not binding upon the party making the agreement, and will not prevent the debtor, when sued, from setting up the bar of the statute.
2. It appearing upon the face of the pleadings in this case that the debt sued on was barred by the statute of limitations, a general demurrer based upon that ground should have been sustained.

AUGUST 15, 1912.

Complaint. Before Judge Felton. Bibb superior court. April 21, 1911.

On January 17, 1911, J. S. Jones filed suit against W. E. Small to recover the sum of $800, with interest from July 29, 1904, alleging, that on the last-named date he paid to the defendant $800 on account of the purchase-price of a forty-fourth (1/44) interest in a business enterprise known as the Rosevelt Putty Patent; that said enterprise, for some reason unknown to plaintiff, never materialized; and that plaintiff had made frequent demands upon defendant for the return of his money. Attached to his petition was a copy of a receipt as follows: "July 29th, '04. Received of J. S. Jones Eight Hundred Dollars, being part payment for one forty-fourth interest in the Rosevelt Putty Patent. A note payable in four months for two hundred dollars completes the payment. W. E. Small."

The defendant filed a general demurrer, setting up, among other grounds, that the alleged cause of action was barred by the statute

of limitations. When the demurrer was called for hearing the plaintiff offered an amendment, in which he alleged: "That complainant's right of action as set out in his original petition, though arising more than six years prior to the bringing of said suit, was not in fact at the time of the bringing of said suit, and is not now, barred by the statute of limitations, for the reason that on the 23rd day of July, 1910, the defendant, W. E. Small, executed and delivered to your petitioner a written waiver," a copy of which is as follows: "Georgia, Bibb County. I, W. E. Small, having been notified by the attorneys representing J. S. Jones of their intention to file suit against me on July 23rd, 1910, upon an alleged claim growing out of the sale of a one forty-fourth interest in a certain putty patent; and whereas it appearing that if said contemplated suit is not filed by the 29th day of July, 1910, the same will be barred by the statute of limitations, and I, the said W. E. Small, desiring time to investigate the merits of said alleged claim, do hereby agree that in the event the said suit is not filed against me within the statutory period, to waive all rights of defense to said suit that I may have by reason of the statute of limitations having run against the same. This 23rd day of July, 1910. W. E. Small."

Objection to the allowance of this amendment was overruled, and a demurrer to the petition as amended was also overruled. The defendant excepted.

*Hall & Hall* and *W. E. Martin,* for plaintiff in error.

*Ryals, Grace & Anderson* and *Anderson,. Felder, Rountree & Wilson,* contra.

BECK, J. (After stating the facts.) We do not think that the plaintiff could treat the failure to repay the money as a breach of a written contract. The receipt was not a contract for the delivery of an interest in the contemplated enterprise, binding the party executing the receipt to repay the money in default of delivery of the specified interest in the enterprise, so as to make this action analogous to the suit in the case of *Hill* v. *Hackett,* 80 *Ga.* 54 (4 S. E. 856). A comparison of the written instrument sued on there with the receipt given by the defendant in the present case will show the radical difference between the two writings. The writing relied upon in the action of *Hill* v. *Hackett,* while acknowledging the receipt of certain tickets, also contained a promise to return the

tickets "or to account for" them if used.   In the present case, the receipt evidencing the payment of money contains no promise to repay the money in case of failure "to deliver the interest" in the contemplated enterprise.   There is no breach, in the instant case, of any express written undertaking, but a failure to perform an implied undertaking—that is, the repayment of the money, or rather the payment of it as money had and received in case the contemplated enterprise was abandoned and the defendant should put himself in a position where he was unable to turn over to the plaintiff the consideration for the money paid by the latter.

It follows from what we have said above, that the plaintiff's cause of action was barred by the statute of limitations within four years from the time when it first came into existence against the defendant.   In the petition it is stated that plaintiff's right of action as set out in his petition "arose more than 'six years prior to the bringing of the suit" (though it is not determinable from the facts alleged in the petition when the cause of action actually arose) ; and as there was less than a year between the time of the execution of the instrument which the plaintiff insists was a valid waiver of the defendant's right of any defense under the statute of limitations and the actual filing of the suit in the case, the bar of the statute had attached at the time of the execution of the instrument relied upon as such waiver.   That being true, in the absence of some showing that the waiver was made for a valuable consideration, it was not binding.   Had the instrument containing the waiver contained also a new promise to pay the debt, a new point from which the statute would run would have been created.   But the writing relied upon as a waiver contains neither a new promise to pay nor an acknowledgment of the debt, nor does it show that it was based upon any consideration other than the postponement of the bringing of a suit upon the alleged debt; and this postponement could not amount to a consideration, inasmuch as the bar of the statute had already attached, and mere delay in bringing suit did not benefit the defendant nor put the plaintiff in a worse position than that in which he was before.   The relation of the parties as debtor and creditor could not be affected by delay in bringing the suit.   Under these circumstances the bar of the statute which had attached was not removed.   See, in this connection,

Trask *v.* Weeks, 81 Me. 325 (17 Atl. 162); Warren *v.* Walker, 23 Me. 453; Stockett *v.* Sasscer, 8 Md. 374.

As the debt sued on was barred by the statute of limitations, the defendant's demurrer based upon that ground should have been sustained, and it was error to overrule it.

<em>Judgment reversed.   All the Justices concur.</em>