23294.   CHATHAM MOTOR COMPANY INC. *v.* DeSOSA.

DECIDED JANUARY 17, 1934.

*R. B. Morris, Hitch, Denmark & Lovett,* for plaintiff in error. *McLaws, McLaws & Brennan, Spence & Spence,* contra.

JENKINS, P. J.   The plaintiff filed suit on September 16, 1932, against the defendant motor company for the recovery of $1000 received by the company from a sale of her Willys-Knight automobile, and interest, under a writing dated November 12, 1927, and signed by both parties, as follows: "This is your authority to sell my Willys-Knight sedan car for the sum of $1500 (or over), same to be applied to the purchase-price of any Chrysler Model Imperial '80' desired, delivery f. o. b. Detroit or Savannah, time of

delivery." The amended petition alleged that this was a contract; that on or about the same date, the company sold the car for $1500, and kept it "for the credit of your petitioner to be applied against any Chrysler 80 automobile she may desire;" that on January 17, 1928, it gave petitioner credit for $500 of said $1500 "upon the purchase-price of a Model 76 Chrysler coupé, keeping the remaining $1000 subject to your petitioner's order whenever she may desire to have it applied upon a Chrysler 80;" and that on August 26, 1932, the company by letter repudiated the contract without legal reason by notifying the plaintiff that it considered itself relieved of any responsibility under the terms of the contract and would not perform it. The defendant demurred generally, upon the grounds that the petition showed that any cause of action was barred by the statute of limitations, and that it failed to show any valid, enforceable, mutual contract, or sufficient payment or tender by the plaintiff to entitle her to performance; and demurred specially upon grounds all of which containing merit were met by amendment. The court construed the writing as insufficient to make a complete and binding contract until an automobile was designated and ordered by the plaintiff, but held that the action was one for money had and received, against which the statute would not run until the date of the defendant's notice that it would not be bound to sell her an automobile, and overruled the demurrer.

1. The court properly construed the writing as one insufficient to be taken as a mutual, enforceable obligation to sell and buy a "Model 80" car, since it left such a purchase optional to the plaintiff. It was merely an offer to sell such a car, within a reasonable time, for the regular price obtaining at the time of the purchase, and, upon her acceptance of the offer, to apply her $1500 credit on the purchase-price. Afterwards, by a change in the original offer, which had then been partly executed by the company's sale of the plaintiff's car and receipt of the $1500 proceeds, $500 was applied on the purchase-price of a different model of Chrysler automobile from that first offered; but, as the petition alleged, the remaining $1000 was still kept by the company "subject to your petitioner's order whenever she may desire to have it applied upon a Chrysler 80." With the modification as to the use of the proceeds, the original offer to sell remained open, subject to the plaintiff's

acceptance. Under neither the original contract nor this change was there, in any event, a right in the plaintiff to have a return of the $1500 or the $1000 before she should notify the company that she would not accept its offer, or should demand the money, or until the company should notify her that it withdrew its offer. Until such time the company held the money as a deposit belonging to the plaintiff, which created in effect the obligations of a bailment or implied trust. But when the company notified her that it refused to sell her the automobile as stated in the offer, her legal right to a return of the money then immediately accrued. This withdrawal or repudiation by the company, however, gave it no right to forfeit and retain the plaintiff's money. The petition thus having been filed within four years after the cause of action upon an implied assumpsit for money had and received accrued, it was not barred by the statute. *Overland Motor Co.* v. *Hill,* 145 *Ga.* 785, 786 (3, *a*) (89 S. E. 833) ; *Blount* v. *Beall,* 95 *Ga.* 182 (5) (22 S. E. 52) ; *Patterson* v. *Blanchard,* 98 *Ga.* 518 (2), 520 (25 S. E. 572) ; *Whitworth* v. *Oliver,* 45 *Ga. App.* 671, 674 (165 S. E. 767). Neither of the cases of *Small* v. *Jones,* 138 *Ga.* 521 (75 S. E. 605), and *Hill* v. *Hackett,* 80 *Ga.* 53 (4 S. E. 856), relied upon by the plaintiff in error, is controlling. In the former the plaintiff, by amendment to the petition, expressly pleaded that his right of action arose more than six years prior to the bringing of the suit, but that it was not barred, because of an express written waiver, which the court held was ineffective, since it was made without consideration. In the latter case the suit was held not barred until six years, because it was brought upon a written contract.

2. That the offer by the defendant did not constitute in itself a mutual and binding contract until its acceptance by the plaintiff did not impair her right to a return of her money held by the defendant.

3. For the same reason, and since the defendant itself withdrew and repudiated its offer, the plaintiff was under no obligation to select and order a "Chrysler 80" automobile, or to tender or offer to pay the purchase-price thereof, as a condition precedent to her right to recover her own money. See *Ansley* v. *Hightower,* 120 *Ga.* 719 (4) (48 S. E. 197) ; *Sovereign Camp Woodmen of the World* v. *Bell,* 42 *Ga. App.* 323 (2) (156 S. E. 235).

*Judgment affirmed.* *Stephens and Sutton, JJ., concur.*