46231. CROOKS v. CHAPMAN COMPANY, INC.

HALL, Presiding Judge. Plaintiff appeals from the judgment in a suit to recover earnest money paid under a contract for the purchase of a radio station and which was subsequently disbursed by the defendant escrow agent to the seller as liquidated damages upon the seller's declaration of plaintiff's default.

The seller considered, and so notified plaintiff, that he had failed to perform that condition of the contract by which plaintiff had agreed to "cooperate fully in diligently seeking FCC's consent to assignment of station's license from seller to buyer." The contract was executed on May 5. On October 9, defendant forwarded to plaintiff a letter from the seller stating that if the FCC application were not filed by November 5, the seller would consider that plaintiff had failed to perform the term quoted above. On December 8, defendant formally notified plaintiff that the seller had requested disbursement of the earnest money (as provided in the contract for liquidated damages in the event of breach) and that unless he received evidence within ten days to show that the seller was not entitled, he would disburse it.

In order to recover, plaintiff had to carry the burden of proving that he had acted diligently to bring about the license transfer,

within a reasonable time, in order to show that the disbursement of liquidated damages was made in bad faith by the escrow agent.

1. The trial court did not err in refusing to admit into evidence an agreement between the seller and another purchaser made on November 21. It was completely irrelevant to the question of whether plaintiff had so failed to perform a condition within a reasonable time that the seller was justified in declaring a default on November 5.

2. The court did not err in charging that "If you find that the plaintiff has failed to prove by a preponderance of the evidence that six months after the execution of the contract was reasonable time, and if you find the application was not filed within that period, it will be your duty to return a verdict for the defendant." Plaintiff contends that the court injected an artificial time limit into a contract which specified no time limit and which was not warranted by the evidence. The contention is without merit. Where no time for performance is specified in a contract, there is a presumption that the parties intended it to be within a reasonable time; and what is reasonable is a question of fact for the jury. *Wolf v. Arant,* 88 Ga. App. 568 (77 SE2d 116). The contract also stated that time was of the essence. The evidence shows that the seller set six months as the limit of a reasonable time for performance, thereby creating the issue. Defendant introduced evidence that substantially less time was usual for the transfer of a license when pursued diligently. Plaintiff therefore had the burden of persuading the jury that six months or more was reasonable under the circumstances in order to recover the forfeited earnest money. The charge was adjusted to the evidence.

3. The court also did not err in charging that plaintiff had to show he exercised good faith. Plaintiff contends his only contractual duty was diligence and the charge on good faith prejudicially thrust a higher standard of conduct upon him. This is also without merit. Good faith is, if anything, a minimum standard of conduct in any contract. While this particular agreement does not come within the UCC, it is a commercial transaction in the broad sense and the legislature has specifically declared

that good faith is a basic obligation in all such transactions. *Code Ann.* § 109A-1—203. See also *Code* § 20-1101 which calls for "substantial compliance with the spirit, and not the letter only, of the contract" in its performance. "Good faith" is merely a shorter way of saying the same thing.

*Judgment affirmed. Eberhardt and Quillian, JJ., concur. Whitman, J., not participating because of illness.*

ARGUED MAY 10, 1971—DECIDED OCTOBER 28, 1971.

*Poole, Pearce & Cooper, Robert R. Smith,* for appellant.

*Hurt, Hill & Richardson, T. Cullen Gilliland, W. Seaborn Jones,* for appellee.

