315 A.2d 63.

SALVATORE J. CARDENTE *et al. vs.*
THE TRAVELERS INSURANCE COMPANY *et al.*

FEBRUARY 18, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The plaintiffs (hereinafter called "Cardente") brought this complaint against the defendants, five insurance companies,[1] to recover compensatory damages for a loss they incurred allegedly as a result of the insurers' negligence in failing to provide the plaintiffs with insurance coverage and informing Cardente that such coverage had in fact been provided. The defendants filed answers which contained seven defenses. The first is, in substance, a general denial; the second asserts that under the provisions of G. L. 1956 (1968 Reenactment) §§27-5-2 and 27-5-3[2] plaintiffs' cause of action is barred in that the same was not commenced within 12 months after the inception of the alleged loss.

The defendants each filed a motion for summary judgment under Super. R. Civ. P. 56 on the grounds that there was no genuine issue as to any material fact in that the instant litigation was not instituted within the time limited

---

[1]The Travelers Insurance Company, The American Universal Insurance Company, The Michigan Millers Mutual Insurance Company, The New Amsterdam Casualty Company and The Travelers Indemnity Company. We shall hereinafter refer to all defendants collectively as the "insurers."

[2]Section 27-5-2 mandates that all policies or contracts of fire insurance conform to all provisions, stipulations, agreements, and conditions, of the standard form of fire insurance policy as set forth in §27-5-3. This latter section, in representing the form, contains the following language at lines 157 through 161:

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve (12) months next after inception of the loss."

The insurance contract in question adhered to the §27-5-3 model.

by plaintiffs' alleged policy,[3] and that plaintiffs are thus barred from any recovery against the insurers. After considering the pleadings, the supporting and opposing affidavits, and plaintiffs' answers to defendants' request for admissions under Rule 36, the trial justice granted the motions. The case is, before this court on plaintiffs' appeal from the order granting the motion for summary judgment.

In the resolution of this issue, Rule 56(c) requires that pleadings, as stated, be examined in order to ascertain what were the factual issues, and thereafter that the affidavits, admissions, answers to interrogatories and other similar matters be considered to determine whether those issues were genuine and material. *Coro, Inc. v. R. N. Koch, Inc.*, 112 R. I. 371, 310 A.2d 622 (1973); *Kirby, Inc. v. Weiler*, 108 R. I. 423, 276 A.2d 285 (1971); *Slefkin v. Tarkomian*, 103 R. I. 495, 238 A.2d 742 (1968); 3 Barron & Holtzoff, *Federal Practice & Procedure*, §1236 at 158. If such issues exist, then it was error to grant these motions. However, if the record disclosed no genuine issue as to any material fact, it was the duty of the trial justice to grant the motions. In passing on these motions, the trial justice had to consider the affidavits, pleadings and admissions before him in a light most favorable to the party opposing the

---

[3]As stated, the complaint sounds in negligence, whereas defendants' answers raise the contractual defense that the parties had mutually agreed to the 12-month limitation period as represented in the policy. All further matters here in question center around this contention of that period acting as a bar to the litigation. In *Cofone v. Narragansett Racing Ass'n*, 103 R. I. 345, 237 A.2d 717 (1968), this court stated that under Super. R. Civ. P. 15(b) issues tried by express or implied consent, even though not raised by the pleadings, shall be treated in all respects as if they had been pleaded, even in the absence of amendment. We believe that the same reasoning applies to the matter at bar. A reading of affidavits submitted in opposition to defendants' motions reveals that plaintiffs have impliedly consented to litigate the issue on the policy and not on negligence, and therefore, we shall treat the matter as if the only issue framed by the parties was that of preclusion.

716

summary judgment motion. *Hodge* v. *Osteopathic General Hospital,* 107 R. I. 135, 265 A.2d 733 (1970); *Battista* v. *Muscatelli,* 106 R. I. 514, 261 A.2d 636 (1970). On appeal this court is bound by the same rules. *Hodge* v. *Osteopathic General Hospital, supra.*

With these rules to guide us, we address ourselves to the facts.

Cardente has been engaged for some time in the operation of lumber yards and related business activities at diverse locations within the state of Rhode Island, including one which on November 5, 1966 was located at 5370 Post Road in Warwick. The insurers had for a long period of time provided plaintiffs with insurance coverage. During the period immediately before said date, Cardente had paid promptly all insurance premiums and related charges. On November 5, 1966, a fire occurred at the above-mentioned address and as a result various stock, furniture, fixtures, equipment, personal and other property owned by Cardente, severally, were destroyed, damaged and otherwise diminished in value.

On July 22, 1968, Cardente filed a complaint in the Superior Court against Maggiacomo Insurance Agency, Inc. and Robert Maggiacomo for said damages arising out of the 1966 fire, which is also the subject of this current litigation. Maggiacomo moved for a summary judgment which was granted on the grounds that Cardente's counsel stipulated that Maggiacomo was an agent of the present defendant insurance companies. An appeal was taken and we affirmed that judgment in *Cardente* v. *Maggiacomo Ins. Agency, Inc.,* 108 R. I. 71, 272 A.2d 155 (1971).

Having been unsuccessful in the first attempt to recover for his loss, Cardente then filed some 38 months later, on September 28, 1971, the complaint commencing the instant litigation. The time span between the incurrence of the loss and the bringing of the action is almost five years.

Cardente admits that the action was commenced after the expiration of the self-imposed "statute of limitations," but, as appears from the affidavits, he maintains that his failure to bring the action within the time permitted was due to representations made by the insurers to the effect that meetings among all the parties in interest were held on November 29, and December 15, 1967, and that at both sessions the representatives of defendant companies indicated that the loss would be paid and the settlement thereof would be merely a matter of apportionment among the various companies involved. Cardente also asserts that at no time did said representatives indicate that they would invoke the one-year limitation. It has also been argued by Cardente that the insurers agreed to an extension of time for bringing suit under the policy and thereby waived the provision in question. Therefore, Cardente asserts that defendants by their conduct were estopped from raising the 12-month limitation.

The defendants, in turn, argue that although the affidavits in opposition to the summary judgment aver the aforementioned facts, there are no facts alleged concerning any conduct prior to November 7, 1967, during the one year after the loss, which could be construed as inducing Cardente to delay in bringing suit. One of the insurers (American Universal) alleged that it had at the request of the state's insurance commissioner extended the time in which Cardente could institute suit to March 15, 1968. Cardente admits that such an offer was made.

After a considered study of the pertinent documents presented by the litigants, it is our belief that the only question presented to the trial justice was one of law.

In attempting to support their contention that the period of limitations did not run in this instance, Cardente relies on a theory of estoppel. We do not believe such to be applicable. There is nothing in the record demonstrative

of any conduct or representation on the part of the insurers that would justify Cardente's failure to institute suit against them within one year of his loss. The record is devoid of any competent evidence which would warrant a departure from the general rule that ordinarily acts and conduct arising after the expiration of the time period for bringing suit cannot be relied upon to create either a waiver or an estoppel. 20A Appleman, *Insurance Law & Practice* §11639 at 41 (1963). Clearly, the representations made by the insurers at the 1967 meetings could not have lulled Cardente into not bringing suit against the insurers for at that time the contractual period of limitations had already expired.

At most, only American Universal agreed that it would extend the time in which Cardente could bring suit against it to mid-March, 1968. Cardente, however, for reasons not readily apparent to us, declined the offer and instead sought damages from the agency that sold the policies.

Since Cardente cannot prevail on the basis of an estoppel or waiver, the trial justice's grant of the insurers' motions for summary judgment is correct.[4]

The appeal is denied.

*Lovett & Linder, Ltd., Stephen G. Linder,* for plaintiffs.

*Gerald P. McOsker,* for The Travelers Insurance Company, The Travelers Indemnity Company, The American Universal Insurance Company, The New Amsterdam Casualty Company; *Keenan, Rice, Dolan & Reardon, Roderick A. J. Cavanagh,* for Michigan Millers Mutual Insurance Company.

---

[4]During the course of pretrial maneuverings, the insurers filed third-party complaints against their agents, Maggiacomo Insurance Agency, Inc. and Robert Maggiacomo. Since the liability of the third-party defendants is dependent upon the insurers' liability to Cardente, there was no need for us to consider the third-party complaint in our resolution of the matter before us.