64577. GOLD KIST, INC. v. MARTIN.

SHULMAN, Presiding Judge.

Appellee brought suit against appellant for breach of a contract of purchase. Appellee's evidence showed that he ordered certain goods from appellant and paid for them with the understanding that the goods were to be held by appellant until appellee called for them. When appellee demanded delivery of the goods some five years later, appellant refused. This appeal is from a judgment entered on a jury verdict in appellee's favor.

Appellant's enumerations of error concern the trial court's denial of its motions for a directed verdict and for judgment notwithstanding the verdict. The argument advanced in support of those enumerations of error is that appellee's claim was barred by the statute of limitation since suit was not brought for more than five years after the contract was made.

1. The evidence at trial authorized the jury to find that appellant agreed to hold appellee's goods until he asked for them. Under those circumstances, the breach of the contract between the parties did not occur, and appellee's right of action did not accrue, until the demand for delivery was refused. See *Chatham Motor Co. v. DeSosa,* 48 Ga. App. 257 (1) (172 SE 604). Since the suit was brought within four years of the alleged breach, it was not barred by the statute of limitation. See Code Ann. § 3-706 (OCGA § 9-3-25).

2. Appellant's argument based on Code Ann. § 20-1107 (OCGA § 13-4-26) is equally unavailing. That section requires that when delivery is to be made on demand, the demand must be reasonable as to time, place and manner. Appellant contends that the five years appellee waited before demanding delivery was unreasonable and that a verdict should have been directed in its favor on that basis. We cannot agree.

"Where no time for performance is specified in a contract, there is a presumption that the parties intended it to be within a reasonable

time; and what is reasonable is a question of fact for the jury. [Cit.]" *Crooks v. Chapman Co.,* 124 Ga. App. 718 (2) (185 SE2d 787). Given appellee's testimony that he checked with appellant's agents several times during the five years between payment and demand and received assurances that appellant was still ready to deliver the goods on demand, the jury was authorized to find that the delay in making demand for delivery was not unreasonable.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 10, 1982.

*Glenn Whitley,* for appellant.
*Roy B. Allen, Jr.,* for appellee.