NATIONAL FRUIT PRODUCT CO., Inc., v.
DWINELL–WRIGHT CO.

No. 1445.

District Court, D. Massachusetts.
Jan. 28, 1942.

As Amended Feb. 20, 1942.

John V. Spalding, of Boston, Mass., and Clarence B. Des Jardins and Halbert P. Brown, both of Washington, D. C., for plaintiff.

John M. Hall (of Choate, Hall & Stewart), of Boston, Mass., and Edward G. Fenwick (of Mason, Fenwick & Lawrence), of Washington, D. C., for defendant.

FORD, District Judge.

In this trade-mark infringement suit, plaintiff has moved that defendant be enjoined, pending this suit, from prosecuting in the United States Patent Office a proceeding to cancel plaintiff's trade-mark registration upon which the complaint is based. This action involved the respective rights of the parties to the use of the trade-mark "White House", sometimes accompanied by a representation of the Executive Mansion, in connection with the sale of certain goods. For some time the plaintiff has used the trade-mark "White House" in connection with the sale of vinegar, apple-cider, canned apples, apple-sauce, and similar vegetable and fruit products and juices, while the defendant has used the same trade-mark upon the coffee and tea which it marketed.

The complaint charges defendant with infringement of five trade-mark registra-

tions owned by plaintiff, and with unfair competition, by the sale of orange and grapefruit juice under the trade-mark "White House". The registrations relied on are 104,641, 121,723, 299,846, 316,305, and 336,489. The first three are specified to cover only apple products, but 316,305 purports to cover a large class of fruit products and 336,489 to cover "fruit and vegetable juices for food purposes".

The complaint, filed July 29, 1941, put in issue the validity of plantiff's registrations for the trade-mark "White House" as applied to various fruit and vegetable products and juices. By answer, filed August 18, 1941, defendant denied the validity of said trade-mark registrations and asserted that plaintiff was not entitled to the exclusive use of the mark upon the goods specified, at the dates upon which it filed applications for registration. The answer also included a counterclaim which charged infringement of defendant's registrations of the trade-mark "White House" for coffee and tea, by sale by plaintiff of fruit and vegetable products under this mark. Plaintiff filed an answer to defendant's counterclaim on September 5, 1941.

On September 6, 1941, defendant attacked plaintiff's trade-mark registrations by filing in the United States Patent Office a petition for their cancellation on the ground that plaintiff was not entitled to the use of the marks, for the goods specified in the registrations, at the dates of its applications therefor. The plaintiff thereafter moved for an injunction enjoining the defendant from prosecuting or taking any further steps in the cancellation proceeding, and from filing, commencing, instituting or prosecuting any other proceeding in the United States Patent Office seeking the cancellation of said trade-mark registrations, pending the hearing and final determination of this action.

The plaintiff moved, in the Patent Office, for a stay of the cancellation proceeding during the pendency of this action, on the ground that this court had first acquired jurisdiction of the issue as to the validity of the plaintiff's trade-mark registrations. That motion was granted by a decision rendered November 22, 1941.

On January 12, 1942, the Commissioner of Patents rendered a decision, on the petition of the defendant, vacating the order which stayed the cancellation proceeding.

On November 27, 1941, this court continued the hearing on the present motion for a preliminary injunction on the ground there was no present need for such an injunction in view of the suspension of the proceedings by the Patent Office. Since that suspension has been vacated, this court must now decide, after hearing the parties, whether the injunction moved for should issue.

### Conclusions of Law.

By the filing of the complaint and answer in this action this court has acquired jurisdiction of the dispute between these parties on the issue of validity of plaintiff's five trade-mark registrations. The petition to cancel these registrations requires the Patent Office to make the same determination. In either forum this depends on whether the registrant was entitled to the use of the mark at the date of its application for registration. (Cf. paragraph 12 of defendant's answer, and 15 U.S.C.A. § 93 governing cancellation proceedings in the Patent Office). It is true that other issues will arise in this court, and that further relief can be granted in this court than in the Patent Office, while the specific relief sought there is not sought here. But if the defendant wished to claim it, it could obtain the same relief here as in the Patent Office. 15 U.S.C.A. § 102. And, in any case, the right to relief is dependent on the determination of the same issue in each tribunal.

It has long been settled that a court of equity which has first taken jurisdiction of a case may, in order to prevent vexatious and harassing litigation, enjoin the parties from further proceeding in another forum. While the jurisdiction of federal courts to interfere with state court proceedings is sharply limited by statute, there is no reason why this principle should not apply between two federal courts, or between a federal court and an administrative tribunal of the United States. Time, expense, and inconvenience may be saved both to litigants and tribunals if the court which first takes jurisdiction of an issue between two parties exercises its power to prevent multiplicity of actions and duplication of effort. It was said in Gage v. Riverside Trust Co., Ltd., et al., C.C., 86 F. 984, 985, 999, "The proposition that the court which first acquires jurisdiction of a cause and of the parties thereto will hold and maintain it, in order to settle and end the controversy, does not admit of question."

The conclusions of this court are supported by the decision of the Circuit Court of Appeals for the Third Circuit in the recent case of Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925. In that case Crosley brought an action in the District Court for the District of Delaware seeking a declaratory judgment as to the validity and infringement of some twenty patents. Later Hazeltine filed suits in the Southern District of Ohio, alleging infringement by Crosley of fifteen of the patents involved in the declaratory judgment suit. On the same day Crosley moved to enjoin Hazeltine from further proceedings in the Ohio District Court. The Delaware District Judge refused to grant such an injunction. The Circuit Court of Appeals reversed, holding the refusal to have been an abuse of discretion. The court said (122 F.2d at page 930), "No party has a vested right to have his cause tried by one judge rather than by another of equal jurisdiction. * * The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. * * * Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties."

It was true in the case cited, as in the case at bar, that a different form of relief was sought in the two tribunals. But that did not prevent that court, nor will it prevent this court, from recognizing the fact that identity of issue will cause duplication of labor. This seems a common sense view. Such duplication of labor is as much to be avoided when the other tribunal where proceedings are brought is an administrative tribunal as when it is a court.

It has not been shown that proceedings before this court would take substantially longer to complete than proceedings in the Patent Office. The cancellation proceeding would bring a collateral determination of one of the issues before this court, which has no apparent object except a possible influence on the action of this court. While the decision of this court might not cause the Commissioner of Patents to hold that the merits of the petition to cancel were res adjudicata, it would certainly be persuasive, especially since a refusal of cancellation would be subject to review in the courts. In such circumstances the Patent Office has in the past suspended its proceedings. Cf. Palestine Hebrew Wine Co. v. Carmel Wine Co., 1909 C.D. 74, 142 O.G. 287. I think these same considerations apply here.

The Commissioner in vacating the stay in this case cited no authority for his position. While he may have acted within his power in so doing, this court is not thereby prevented from exerting its power as a court of equity to prevent a suitor, within its jurisdiction, from following the course of seeking a collateral adjudication of a matter the decision of which has been undertaken by this court. By that action the defendant here threatens to cause annoyance and expense to its adversary and then added expense to the public.

The motion for a preliminary injunction is granted upon the giving of a bond in the sum of $500 as provided under Rule 65(c), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.