**OLD CHARTER DISTILLERY CO., Inc., v. CONTINENTAL DISTILLING CORPORATION.**

Civ. No. 359.

District Court, D. Delaware.

March 23, 1945.

530

Asher Blum (of Mock & Blum), of New York City, and Joseph Handler, of Wilmington, Del., for plaintiff.

Leonard L. Kalish, of Philadelphia, Pa., and Ivan Culbertson, of Wilmington, Del., for defendant.

LEAHY, District Judge.

Defendant seeks to have plaintiff enjoined from prosecuting the "Columbia" action because defendant is not subject to the jurisdiction of the United States District Court for the District of Columbia; and if said suit is permitted to proceed "there is a threat that it will be deprived of its property without due process". Defendant contends the real controversy between the parties could be more equitably determined in this court under the doctrine of forum non conveniens. It is tacitly conceded that "Old Charter" is not sold by plaintiff, nor does plaintiff's name appear on the labels. Bernheim Distilling Company, a Kentucky corporation, bottles and sells "Old Charter"; that company is a subsidiary owned and controlled by Schenley Distillers Corporation, a Delaware corporation. Defendant has instituted an independent action in this court under 15 U.S.C.A. § 99 against Schenley seeking to enjoin that company from infringement of defendant's mark "Charter Oak" and for an accounting and profits. Schenley has moved to dismiss the complaint in that action, but the motion has not come on for argument. In short, defendant in the case at bar seeks to enjoin the further prosecution of the "Columbia" action, proceed with the instant case by bringing in Schenley under Rule 13(h) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as a third-party plaintiff to answer defendant's charge of infringement, or to consolidate the case at bar with Civil Action 498, Continental Distilling Corporation v. Schenley Distillers Corporation, for trial, or to dismiss the complaint.

■ 1. The "Columbia" action was commenced November 22, 1943, and defendant was served on December 28, 1943, prior to the filing of the complaint herein on January 7, 1944. Obviously faced with a statute of limitation problem, counsel commenced the present action as a precautionary step in case the United States District Court or the Circuit Court of Appeals of the District of Columbia or the Supreme Court decided there was no jurisdiction over defendant. After hearing substantially the same points urged here in support of defendant's motion to dismiss the complaint[2], the District Court in the "Columbia" action has ruled that it has jurisdiction over defendant [3] and the subject matter of the controversy between the parties. It is the court first acquiring jurisdiction and it is entitled to maintain that jurisdiction until it makes final adjudication of the matters for determination. Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 104 F.2d 589, 592. In fact that court has power to enjoin defendant from prosecuting its present motion for preliminary injunction or proceeding with its counterclaim in this court. Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474; National Fruit Product Co., Inc. v. Dwinell-Wright Co., D.C., 42 F.Supp. 1016; In re Georgia Power Co., 5 Cir., 89 F.2d 218. Assuming without deciding that this court and the United States District Court for the District of Columbia are courts of coordinate jurisdiction to review the cancellation of plaintiff's mark, any conflict over jurisdiction may be avoided by deferring proceedings in this, the second action, until the termination of the "Columbia" action now pending. Lockhart v. Mercer Tube & Mfg. Co., D.C. Del., 53 F.Supp. 301. The District of Columbia court having decided it had jurisdiction over defendant, clearly defendant is now an adverse

---

[2] After the argument on defendant's motion for preliminary injunction to restrain the further prosecution of the "Columbia" action, counsel were granted leave to file briefs in support of and in opposition to defendant's motion to dismiss the complaint. The points raised were substantially similar to those argued before the District Court in the "Columbia" action.

[3] See n. 1, supra.

party in that proceeding; and some support may be found in Alexandrine v. Coe, 63 App.D.C. 227, 71 F.2d 348, that the Commissioner is likewise an adverse party.

2. In the event that we should ever hold plaintiff's mark was properly cancelled by the Commissioner, there is point to defendant's bringing in Schenley in order that the issue of infringement might be determined. Whether Bernheim and Schenley should be made parties to the "Columbia" action is a matter which lies within the exclusive province of the District of Columbia court or the stipulations of the parties.[4] However, if plaintiff is successful in preventing the Commissioner from cancelling its mark for "Old Charter", defendant's charge of infringement may lose its significance.

3. We prefer at this time not to pass on defendant's contentions, in support of its motion to dismiss, that this court lacks jurisdiction over the controversy. We also refrain from determining plaintiff's motion to dismiss defendant's counterclaim. Rulings in either of these matters would precipitate a further appeal to the Circuit Court for this Circuit. The litigation here and in the District of Columbia would, indeed, become snarled.

4. Defendant's contention that this court is the court of greatest convenience for the parties has been examined and carefully considered. But there is nothing to be gained by elaborating this point. Plaintiff, by commencing the "Columbia" action, has selected what it considers to be the proper forum for the protection of its property right. The exercise of such selection should not, it seems to us, be subordinated by the application of the doctrine of forum non conveniens in favor of defendant under the circumstances presented here. It is appropriate that a stay of the case at bar should be granted, with the right reserved to each of the parties to make a renewal of their present motions or to file additional applications in the event the complexion of the litigation in the United States District Court for the District of Columbia changes in any material respect.

For present purposes a stay of this action is required. The motion for a preliminary injunction is denied. Let an order be submitted.

---

[4] Concededly, Bernheim Distilling Company bottles and sells "Old Charter" branded whiskey and Bernheim's name appears upon the labels. From this, defendant argues that plaintiff is not the real party in interest and the complaint should be dismissed, as no suit may be maintained under R.S. § 4915 by one who admittedly does not market the goods bearing the trade-mark in controversy as a trade-mark cannot exist as a mere appurtenant to a business; in short, defendant contends plaintiff can only have a trade-mark right in "Old Charter" if it sells "Old Charter" whiskey and the public associates "Old Charter" branded whiskey with plaintiff.