**SELAS CORPORATION OF AMERICA**

v.

**WILSHIRE OIL COMPANY OF TEXAS et al.**

Civ. A. No. 71–2253.

United States District Court,
E. D. Pennsylvania.

Dec. 11, 1972.

**4**

David P. Bruton, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff.

Milton S. Lazaroff, Techner, Rubin, Shapiro, Silverstein & Slass, Philadel-phiȧ, Pa., Eugene P. Sylvester, Werksman, Saffron & Cohen, Clifton, N. J., for defendant Kelley.

## OPINION AND ORDER

JOSEPH S. LORD, III, Chief Judge.

Plaintiff ("Selas") brought this action against several corporate and individual defendants who allegedly participated in an unlawful plan to take control of Selas by acquiring ownership or control of more than 5% of the outstanding Selas shares without filing disclosure statements as required by the Williams Act amendments to the Securities Exchange Act of 1934, as amended, 15 U. S.C. §§ 78m and 78n. Plaintiff's complaint also alleged that defendants' conduct violated provisions of the Federal Bank Holding Company Act, as amended, 12 U.S.C. § 1843.

In October 1971, defendants Kelley and Riskin filed identical answers to the complaint and counterclaims sounding in libel, abuse of process, and malicious prosecution. Plaintiff moved for summary judgment on the counterclaims. Selas's President, in an affidavit - attached to the motion for summary judgment, stated, *inter alia*, that Kelley and Riskin had been named as defendants only because defendant Wilzig, the alleged leader of the group, had included them in a written list of those who had participated with him in his attempt to gain representation on the Selas Board of Directors and Executive Committee.

On July 13, 1972, we granted plaintiff's motion as to the abuse of process and libel counts of the counterclaims. We denied summary judgment on the portions of the counterclaim which sounded in malicious prosecution, but dismissed those portions without prejudice because an essential element of a malicious prosecution claim, a termination of the action favorable to the defendant, was necessarily missing at that stage of the litigation. Selas Corp. of

America v. Wilshire Oil Co. of Texas, 344 F.Supp. 357 (E.D.Pa.1972).

Selas had meanwhile entered into settlement stipulations with each of the other defendants. It has recently reached agreement with Riskin on the terms of settlement. Kelley, therefore, is the only remaining defendant.

Plaintiff now moves for dismissal without prejudice of its complaint against Kelley, pursuant to F.R.Civ.P. 41(a)(2).[1] It argues that the settlement agreements already executed afford the basic elements of the relief it desired when it instituted this suit and therefore it should not be put to the burden and expense of continuing to litigate against Kelley.[2] Kelley opposes the motion, asking us either to deny it or to order dismissal with prejudice. He contends that a dismissal without prejudice might have the effect of barring him from successfully maintaining an action for malicious prosecution against Selas, whereas an adjudication on the merits or a dismissal with prejudice would give him the favorable termination he needs in this action as an element of a malicious prosecution claim. He also maintains that he ought to be spared the prospect of a second suit by Selas, a possibility which would remain open were

we to allow a dismissal without prejudice.

A motion for voluntary dismissal pursuant to Rule 41(a)(2) is addressed to the discretion of the trial court. Ockert v. Union Barge Line Corp., 190 F.2d 303 (C.A. 3, 1951); Johnston v. Cartwright, 355 F.2d 32 (C.A. 8, 1966). A court may, and ordinarily will, permit the plaintiff to dismiss his case upon appropriate terms and conditions unless a dismissal will work some plain legal prejudice on the defendant. Jones v. Securities & Exchange Commission, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936). Although a determination of whether or not a voluntary dismissal will be prejudicial to the defendant necessarily depends on the circumstances of each case, some general considerations should be taken into account in ruling on any Rule 41(a)(2) motion.

"Undue vexatiousness, undue burden to a litigant in presenting his defense or claim in another jurisdiction, excessive and duplicitous expense of a second litigation, the extent to which any judgment in the new action would be conclusive as to issues and parties as contrasted to a final determination in the pending suit, the extent to which

---

1. "(a) Voluntary Dismissal: Effect thereof.

   \*     \*     \*     \*     \*

   (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2. Plaintiff also argues, without citing a single case, that we should not require

a dismissal with prejudice because such a dismissal might, in a later malicious prosecution suit, give rise to the inference that Selas lacked reasonable grounds for bringing this action against Kelley. Plaintiff may be correct, although we do not at this time intimate any opinion as to whether it is or not. We note, however, that there is authority which might at least partially allay plaintiff's anxiety on this point. *See* W. Prosser, The Law of Torts (3rd ed., 1964) § 114 at 874. Whatever the merits of plaintiff's contention, we do not view it as a factor which ought seriously to influence our decision here, both because the possibility of injustice seems remote and because it is not entirely relevant under the standards for deciding a motion for voluntary dismissal which we discuss below.

the current suit has progressed, are some of the factors to be considered in deciding whether prejudice will result to the opposing party." Harvey Aluminum, Inc. v. American Cyanamid Co., 15 F.R.D. 14, 18 (S.D.N.Y. 1953) (Weinfeld, J.).

■ We disagree with Kelley's contention that the possibility of a second lawsuit rises to the level of clear legal prejudice. It is well settled that the mere prospect of a second litigation of the same subject matter does not constitute sufficient prejudice to the defendant to warrant denial of a motion for voluntary dismissal. Jones v. Securities & Exchange Commission, *supra*; Olsen v. Muskegon Piston Ring Co., 117 F.2d 163, 165 (C.A. 6, 1941); Texaco, Inc. v. Harrison, 30 F.R.D. 127, 128 (E.D.Pa. 1962). We see no reason to create an exception here.

■ However, we have concluded that a dismissal without prejudice, by effectively precluding Kelley from maintaining an action for malicious prosecution, would result in such prejudice and injustice to the defendant that we feel compelled not to grant plaintiff's motion.

Kelley is at most a peripheral defendant in this action. But peripheral or not, he has been put to considerable inconvenience and expense as a result of being forced to defend himself. It is true, as plaintiff points out, that virtually all of Kelley's effort in this case is traceable to his assertion of his counterclaim. It is obvious, however, that there never would have been a counterclaim at all but for Selas's decision to bring Kelley into this lawsuit. Everything Kelley has done, including the filing of his counterclaim, has been in response to plaintiff's original complaint, and we do not think that a premium should be placed on a litigant's exercise of the rights afforded him by the Federal Rules of Civil Procedure.

Kelley's expenditure of time and effort might not of itself be reason enough for refusing to allow plaintiff to dismiss without prejudice. If this were the only ground on which Kelley opposed plaintiff's motion, a dismissal without prejudice, subject to the condition that plaintiff pay court costs and attorney's fees, would probably suffice. However, Kelley claims not only that he has been inconvenienced by his involvement in this case, but also that Selas acted with malice and without reasonable grounds in suing him in the first place. While we express no opinion whatever on the merits of his claim, we think he has a right at some point at least to be heard on it.

■ A dismissal without prejudice is not a final adjudication on the merits; instead, it leaves the parties where they would have stood had the lawsuit never been brought. Bomer v. Ribicoff, 304 F.2d 427 (C.A. 6, 1962); see 5 Moore, Federal Practice § 41.05[3]. Kelley therefore has ample basis for his fear that a dismissal without prejudice would make it impossible for him ever to sue Selas for malicious prosecution, since the termination of this action favorable to the defendant is "the *sine qua non* of a malicious prosecution claim." Gaito v. Strauss, 249 F.Supp. 923, 932 (W.D.Pa. 1966), aff'd. 368 F.2d 787 (C.A. 3, 1966). Were we to permit plaintiff to dismiss without prejudice we would trap Kelley in an unfortunate procedural bind. At one stage of the litigation he was denied the opportunity to press his malicious prosecution claim because there had been no final adjudication, and now we would deprive him of the right to be heard at all simply because the plaintiff has obtained the relief it desired and wishes to return to *status quo ante*. Such a result would, under the circumstances of this case, constitute clear legal prejudice to the defendant. We therefore deny plaintiff's motion to dismiss without prejudice.

■ This does not mean that Selas must be forced to go through the empty motions of continuing to prosecute this

action against Kelley, a defendant in whom it has no further interest. We agree with plaintiff that this would be a fruitless and wasteful exercise. We shall therefore order dismissal with prejudice.

■ The basic question to be asked in deciding whether to order dismissal with (rather than without) prejudice is this: will the defendant suffer some injustice which cannot be rectified by the imposition of terms and conditions on a dismissal without prejudice? If so, a dismissal with prejudice is appropriate. United States v. E. I. Du Pont De Nemours & Co., 13 F.R.D. 490, 496 (N.D.Ill., E.D., 1953). We have already concluded that Kelley would suffer an irremediable injustice as a result of a dismissal without prejudice, namely, the effective deprivation of the opportunity to sue in malicious prosecution. A dismissal with prejudice avoids this result. As the Court of Appeals for the Sixth Circuit has held:

> "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." Smoot v. Fox, 340 F.2d 301, 303 (C.A. 6, 1964).

See also Panza v. Armco Steel Corp., 316 F.2d 69 (C.A. 3, 1963), cert. den. 375 U. S. 897, 84 S.Ct. 174, 11 L.Ed.2d 125 (1963); Hudson Engineering Co. v. Bingham Pump Co., 298 F.Supp. 387 (S.D.N.Y.1969). But see State of Maryland ex rel. Geils v. Baltimore Transit Co., 38 F.R.D. 340 (D.Md.1965). Dismissal with prejudice will also spare Se-las the burden and expense of continuing this litigation and thus satisfies to a large extent the interests of both the parties.

■ We do not mean to imply that by filing a counterclaim in malicious prosecution, or by professing an intention to do so later, any defendant may defeat any motion for dismissal without prejudice. Such a rule would undoubtedly make it impossible for a plaintiff ever to dismiss voluntarily without prejudice. Our decision is limited very closely to the facts of this case.

■ We shall not order plaintiff to pay costs and attorney's fees, despite Kelley's request that we do so.

There is some doubt whether it is ever proper to assess costs and attorney's fees in a dismissal with prejudice under Rule 41(a)(2), see Smoot v. Fox, supra, although some courts have found it to be within the realm of a court's discretion to attach such a condition. E. g., M. A. Gammino Construction Co. v. Great American Insurance Co., 52 F.R.D. 323 (D.R.I.1971). Here, Kelley has received "all the relief, and the only relief, to which he would have been entitled" had this case gone to trial and been resolved in his favor. A. B. Dick Co. v. Marr, 197 F.2d 498, 502 (C.A. 2, 1952). We would not have awarded Kelley attorney's fees after a trial on the merits and we can find no justification for awarding them in this analogous situation. Although Kelley's counsel has submitted an affidavit which deals in part with the costs of defending this action, we have been shown no expenses which might be classified as anything other than attorney's fees.