**Dorothy L. DRAPER, Individually and as Administratrix of the Estate of Robert W. Draper, Dec'd**

v.

**UNITED STATES STEEL CORPORATION and Airco, Inc. and W. V. Pangborne Company.**

**Civ. A. No. 72–1865.**

United States District Court,
E. D. Pennsylvania.

Aug. 5, 1974.

Robert Land, Philadelphia, Pa., for plaintiff.

John T. Biezup, Philadelphia, Pa., for U. S. Steel.

Daniel T. McWilliams, Philadelphia, Pa., for Pangborne.

Joseph R. Thompson, Philadelphia, Pa., for Airco.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In order that a parallel action brought in another district may proceed, plaintiff seeks approval under F.R.Civ.P 41(a)(2) of a motion to dismiss her complaint.

On September 23, 1970, the plaintiff's decedent was electrocuted while working at Fairless Hills, Pennsylvania, in the plant of the defendant, United States Steel Corporation. The decedent, a resident of New Jersey, had been employed as an electrician by another defendant, W. V. Pangborne Company, an independent contractor from Pennsylvania. The plaintiff was appointed administratrix of decedent's estate and initiated actions on the same day against the same defendants in both the United States District Court of New Jersey and the Eastern District of Pennsylvania. A motion by United States Steel to transfer the New Jersey action to this Court was denied in part upon the representation that this action would be dismissed. Plaintiff states that she is filing the present motion to comply with that representation and because she believes that New Jersey will be the most convenient forum in which to hear the suit.

■■■ While this is a motion to dismiss under F.R.Civ.P. 41(a)(2), in essence it is a motion to transfer, 28 U.S. C. § 1404(a).[1] In considering either motion this Court is vested with great discretion. Solomon v. Continental American Life Ins. Co., 472 F.2d 1043 (3rd Cir. 1973). While the plaintiff's choice of forum is not necessarily controlling, it should be given great weight and puts a heavy burden on the defendant to show that another forum would serve the best interests of justice. Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., 358 F.Supp. 441, 445 (E.D.Pa.1973).

■ United States Steel opposes the motion to dismiss, claiming that its rights will be irreparably prejudiced if this action is heard in the New Jersey District Court because under New Jersey law, United States Steel has no right to join decedent's employer, Pangborne, for contribution. In Pennsylvania, however, an employer can be joined for contribution to the extent of its compensation lien. The question as to whether Pennsylvania or New Jersey law governs need not be decided now. Ultimately, it will depend upon which state has the more significant relationships with the parties. See Cipolla v. Shaposka, 439 Pa. 563, 267 A.2d 854 (1970); Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964). If Pennsylvania law should be applied, as United States Steel urges, it can be done by the District Court in New Jersey which will have a fully developed factual picture before it.

### ORDER

And now, this 5th day of August, 1974, the within matter is hereby dismissed without prejudice and without assessment of costs.

1. Section 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.