**Andrea MILLER**

v.

**TRANS WORLD AIRLINES, INC., et al.**

**Civ. A. No. 83–4759.**

United States District Court, E.D. Pennsylvania.

June 18, 1984.

Mark D. Newberger, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court is defendant's[1] motion for reconsideration of the Court's February 24, 1984 Order pursuant to Rule 59 of the Federal Rules of Civil Procedure or in the alternative defendant's motion to amend the Order setting forth the basis of its decision pursuant to Rule 52(b). The motions are addressed *seriatim*.

The Order of February 24, 1984 granted plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure subject to the following conditions:

1. Plaintiff will pay to all of the defendants any filing fees they may have

---

[1]. On March 7, 1984 defendant Trans World Airlines, Inc. served a motion for reconsideration. On March 8, 1984, defendant City of Philadel- phia joined in the motion of defendant TWA. The motions are consolidated for discussion.

incurred in the instant matter including the filing fee incurred by Defendant Trans World Airlines, Inc. in connection with the removal of this case from the Court of Common Pleas to this Court.

2. Any discovery material assembled up to the date of this order in the instant Federal Court matter may be used in the pending State action to the same extent as if such material was originally instituted in the pending state action.

Order of February 24, 1984.

FACTS

Plaintiff, Andrea Miller, a Pennsylvania resident, was an employee of Summit Airlines, Inc. ("Summit"). Plaintiff worked at the Summit office located on the third floor of the Trans World Airlines ("TWA") Philadelphia International Airport hangar.

TWA leased the hangar from the City of Philadelphia ("City") who owned and controlled the hangar. TWA in turn subleased part of the hangar to Summit.

Plaintiff alleges that on or about March 31, 1982 TWA service personnel performed welding operations which emitted noxious gases and fumes into the hangar's atmosphere causing plaintiff considerable respiratory distress and injury.

On September 1, 1983 plaintiff filed suit in the Court of Common Pleas of Philadelphia County seeking recovery in excess of twenty thousand dollars from TWA, as a result of personal injuries allegedly sustained by plaintiff. Defendant TWA removed the action to this court pursuant to 28 U.S.C. § 1441. Subsequently, TWA joined the City and Summit as third-party defendants. After joinder plaintiff commenced an additional action in the Court of Common Pleas of Philadelphia County naming the City and TWA as defendants. Plaintiff filed that action based upon her inability to assert a direct claim against the City in the federal action. Plaintiff represents that she was ignorant of the City's ownership interest in the hangar until TWA joined the City as a third-party defendant. On February 7, 1984, plaintiff filed a motion for leave to dismiss the action in Federal Court. On February 24, 1984, plaintiff's motion to dismiss was granted without prejudice.

▇▇▇▇ Dismissal on motion under Rule 41(a)(2)[2] is within the discretionary power of the Court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir.1974); *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir.1951); *John Evans Sons, Inc. v. Majik Ironers, Inc.*, 95 F.R.D. 186 (E.D.Pa.1982). "[The] courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 9 Wright and Miller, *Federal Practice and Procedure*, § 2364 at 165 (1971). A determination as to whether voluntary dismissal is prejudicial to defendant depends upon the circumstances of each case. *Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3, 5 (E.D.Pa.1972). "In exercising its discretion the court will consider the expense and inconvenience to the defendant and will deny the motion if defendant will be seriously prejudiced by dismissal." Wright & Miller, *supra* at 171.

▇▇▇▇ There is no indication that a voluntary dismissal would cause defendants to suffer any legally cognizable prejudice to a degree that is sufficient to bar plaintiff's motion for leave to dismiss the action. The mere fact that plaintiff intends to renew the action in state court is not a sufficient reason to deny dismissal. *Selas Corp.*, 57 F.R.D. at 6.

Plaintiff represents that under the posture of the present action in this Court that

---

**2.** Rule 41(a)(2) provides in pertinent part:

(2) ... an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

she will be unable to assert a direct claim against the City as a result of 28 U.S.C. § 1332 which requires complete diversity of the parties. This Court cannot ignore the fact that the City is a legitimate party to this lawsuit. If plaintiff's motion for dismissal is denied, plaintiff would have to sue TWA in federal court and the City in state court. Seeing as both of these actions accrue from the same operative facts, it would be inconsistent with the policy of judicial economy to require separate lawsuits. *Sox v. Estes Express Lines*, 92 F.R.D. 71, 73 (D.S.C.1981).

Defendants allege that plaintiff's claim against the City is barred by 42 Pa.C.S.A. § 5522(a) (1981). Section 5522(a) provides that notice must be given by a claimant to a governmental unit within six months from the date of the alleged cause of action. Defendants contend that because plaintiff did not supply notice to the City until nearly two years after the alleged cause of action that plaintiff's action is now barred. However, this Court is not convinced that plaintiff's claim against the City would be so barred. Plaintiff's contention that she was unaware of the ownership interest of the City until November 17, 1983, and thereafter notified the City within six months, may satisfy one of the exceptions to section 5522. It is clearly stated in the historical notes following section 5522 that: "The court shall excuse compliance with this requirement upon a showing of reasonable excuse for failure to file such a statement." 42 Pa.C.S.A. § 5522. The decision as to whether plaintiff's argument satisfies this exception is best left for determination by the state court.

Defendants have moved in the alternative pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, for the court to issue an Amended Order setting forth the basis for its decision. I consider the foregoing Memorandum to satisfy the request. However, Rule 52(b) does not require findings of fact pursuant to motion under Rule 41(a)(2). "[Findings] are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b)." 9 Wright & Miller, *Federal Practice and Procedure*, § 2575 at 691 (1971).

An appropriate Order follows.

## ORDER

AND NOW, this 18th day of June, 1984, for the reasons set forth in the foregoing Memorandum, it is ORDERED that:

1. Defendant's Motion for Reconsideration of the Court's Order of February 24, 1984, is DENIED;

2. Defendant's Motion to Amend the Court's Order of February 24, 1984 is DENIED.