**BAMDAD MECHANIC CO., LTD., et al., Plaintiffs,**

v.

**UNITED TECHNOLOGIES CORP., et al., Defendants.**

**Civ. A. No. 83–182 MMS.**

United States District Court, D. Delaware.

Dec. 27, 1985.

Irving Morris, and Kevin Gross of Morris & Rosenthal, P.A., Wilmington, Del. (Boone, Knudsen & Martin & Davisson, P.C., San Francisco, Cal., of counsel), for plaintiffs.

William H. Sudell, Jr. of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

This case is before the Court on plaintiffs' motion for a stay of the proceedings or, in the alternative, to dismiss without prejudice, and defendants' motion to enjoin plaintiffs from litigating the same claims in federal court in Connecticut. The facts underlying the contract dispute that prompted this litigation have been outlined in an earlier opinion of this Court[1] and are not important for purposes of the present motions. The procedural history and posture of the case, however, is central to the disposition of these motions and is set out below.

*Procedural History*

The individual plaintiffs in this case, Khosro Y. Jobrani and Parviz Jobrani, are Iranian citizens who now reside in California. They are shareholders and directors of Bamdad Mechanic Co., Ltd. ("Bamdad"), an Iranian corporation and the corporate plaintiff. Plaintiffs filed suit in the United States District Court for the Northern District of California and in this Court on March 31, 1983, naming as defendants United Technologies Corp. ("UTC"), and two UTC subsidiaries, United Technologies International, Inc. ("UTI") and United Technologies International Operations, Inc. ("UTIO"). All three defendants are incorporated in Delaware and maintain their principal places of business in Hartford, Connecticut.

The California district court on August 24, 1983 dismissed that action on the

1. *Bamdad Mechanic Co. v. United Technologies Corp.,* 586 F.Supp. 551 (D.Del.1984), *vacated and remanded,* 760 F.2d 255 (3d Cir.1985).

grounds that UTI and UTIO were not subject to *in personam* jurisdiction in California and UTC was not a proper party. Plaintiffs thereupon effected service, which they initially had not sought, on UTI and UTIO in this forum.

Defendants responded on September 1, 1983 with a motion to dismiss the complaint.[2] On May 2, 1984, after the motion was briefed and orally argued, this Court granted summary judgment for defendants on the ground that plaintiffs' claims were barred by the applicable Delaware statute of limitations. 586 F.Supp. 551. Central to that decision was the Court's finding that defendants did not agree to waive the statute of limitations defense. *See id.* at 554–56. On June 21, 1984, after denial of a motion for reargument, plaintiffs filed a notice of appeal to the United States Court of Appeals for the Third Circuit. On July 20, 1984, claimants filed a virtually identical complaint on the same contract claims in the United States District Court for the District of Connecticut.

Defendants moved the Connecticut district court to dismiss that complaint on the ground that this Court's summary judgment order was *res judicata. See* Fed.R.Civ.P. 41(b) (dismissal generally operates as an adjudication on the merits); *PRC Harris Inc. v. Boeing Co.*, 700 F.2d 894 (2d Cir.1983), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983) (applying circuit rule that under Rule 41(b) dismissal for failure to comply with statute of limitations operates as an adjudication on the merits, unless dismissal stated to be without prejudice). That motion was denied by the Connecticut court when the Court of Appeals for the Third Circuit vacated this Court's order on March 4, 1985, holding that the waiver issue was a question of fact inappropriate for resolution on summary judgment.

The end result is that the same lawsuit is now pending before this Court on remand and before the Connecticut court. Plaintiffs desire to litigate in Connecticut, where a six-year statute of limitations applies. Consequently, plaintiffs have moved this Court to stay its proceedings or, in the alternative, to dismiss without prejudice. Defendants prefer the Delaware forum, where they can reassert a statute of limitations defense. Defendants therefore oppose plaintiff's motion and have moved this Court to enjoin the plaintiffs from litigating the action in Connecticut.

## ANALYSIS

### *Plaintiffs' Motion to Stay or Dismiss*

Plaintiffs can no longer dismiss their claim as of right. *See* Fed.R.Civ.P. 41(a). At this stage of the proceeding, dismissal may be effected by stipulation of the parties or by order of the court. *Id.* Because defendants are unwilling to stipulate to a dismissal of this action, the issue presented is whether this Court should grant plaintiffs' motion for a voluntary dismissal.

The Court is vested with considerable discretion in this matter. *Draper v. U.S. Steel Corp.*, 64 F.R.D. 365, 366 (E.D.Pa. 1974). The Court of Appeals for the Fifth Circuit has observed that:

> Here the court has an express judicial function to perform. All of the concepts and processes of judicial determination are brought into play. The merits of each motion must be considered and a ruling made by the court. There is no language under this section which pre-ordains the ultimate judicial decision on a motion made under its terms.... Rather than restricting the judicial function as is done under 41(a)(1), dismissals by the court on motion under 41(a)(2) plainly puts [sic] upon the court a definite duty to perform: to grant or deny the motion, and to establish "such terms and conditions as the court deems proper."

---

**2.** Defendants' motion was based on four grounds: lack of diversity; individual plaintiffs' lack of standing; *res judicata* as to UTC; and statute of limitations. Plaintiffs' amended complaint cured the first two deficiencies. The Court's judgment was based solely on statute of limitations grounds.

*American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir.1963).

The Court is confronted in this case with two seemingly conflicting lines of authority. The first, favoring plaintiffs' motion, is that plaintiffs' choice of forum should be given great weight and should be denied only upon a showing of prejudice to defendants. *See Ferguson v. Eakle*, 492 F.2d 26, 28–29 (3d Cir.1974) (denying motion because of financial prejudice and uncertainty it would impose on defendants); *Miller v. Trans World Airlines*, 103 F.R.D. 20, 21 (E.D.Pa.1984) (granting motion; citing 9 Wright & Miller, *Federal Practice and Procedure*, § 2364 at 165 (1971)); *Draper*, 64 F.R.D. at 366 (granting motion).

The competing rule, cited by defendants, is that a court first obtaining jurisdiction ordinarily should hear the case. *See Crosley Corp. v. Westinghouse Electric and Manufacturing Co.*, 130 F.2d 474, 475 (3d Cir.), *cert. denied*, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942) (denying defendant's motion to stay or dismiss); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929–30 (3d Cir.1941), *cert. denied*, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942) (directing trial court to grant plaintiff's motion to enjoin defendant from prosecuting case elsewhere); *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir. 1970) (enjoining plaintiff).

For the reasons outlined below, plaintiffs' motion for a stay of the Delaware proceedings, or in the alternative dismissal without prejudice, will be denied and defendants' motion to enjoin plaintiffs from litigating in Connecticut the claims asserted in the Delaware action will be granted.

### 1. *The Plaintiff's-Choice Rule*

■ In cases employing the general rule that favors the plaintiff's choice of forum, the determinative factor in considering a plaintiff's motion to dismiss without prejudice is the extent of any prejudice to defendant if the motion is granted. The determination of whether voluntary dismissal is prejudicial to the defendant depends upon the unique circumstances of each case. *Miller*, 103 F.R.D. at 21. In general, however, the mere prospect of another lawsuit is not sufficient legal prejudice to deny the motion. *Id.* (citing 9 Wright & Miller, *Federal Practice and Procedure*, § 2364 at 165 (1971); [3] *Selas Corp. v. Wilshire Oil Co.*, 57 F.R.D. 3 (E.D.Pa.1973).

■ Defendants in this case will not incur significant additional costs if the motion to dismiss is granted and trial is held in Connecticut. *Cf. Ferguson*, 492 F.2d at 29. In fact, defendant, headquartered in Connecticut, presumably would find it financially easier to defend there. Defendant has not presented any arguments on plaintiffs' substantive contract claims, and any preparatory work in that regard would appear to be fully applicable to the action in Connecticut. *Cf. id.*

Nevertheless, this case would differ significantly if litigated in Connecticut. Defendants would no longer be able to assert the Delaware statute of limitations, and thus would lose a potential absolute defense to each of the four counts of the complaint. This loss constitutes substantial legal prejudice. *See Love v. Silas Mason Co.*, 66 F.Supp. 753, 754 (W.D.La.1946) (dismissal to take advantage of longer statute of limitations in other state "would work a decided prejudice" to defendant); *Baker v. Sisk*, 1 Fed.R.Serv. (Callaghan) 41a.22, Case No. 2 (D.Okla.1938) (dismissal after determination that statute of limitations applies "would violate every purpose and intent" of new federal rules). *Cf. Selas*, 57 F.R.D. 3 (denying motion where dismissal would bar defendant's malicious prosecution claim). *But see Bolten v. General Motors Corp.*, 180 F.2d 379, 382 (7th Cir.1950) (annoyance and expense of suit on the merits not legal prejudice); *Klar v.*

---

**3.** The *Miller* decision, granting dismissal, differs from this case in that the plaintiff in *Miller* could not directly sue in federal court a defendant it learned of only after that party was joined by the original defendant. Denial of the motion would have forced plaintiff to sue one defendant in federal court and another in state court. No prejudice to defendant was shown. *See also Draper*, 64 F.R.D. 365 (no valid objection by defendant).

**132**

*Firestone Tire & Rubber Co.*, 14 F.R.D. 176, 176 (S.D.N.Y.1953) (motion granted where no abusive intent shown).[4]

Plaintiffs assert that the granting of the motion would result in "no prejudice whatsoever to the defendants." Opening Brief at 11. They also contend that granting the motion will avoid the necessity of resolving an issue "which may prejudice the plaintiffs in their quest for redress for their injuries." *Id.* In the circumstances of this case granting of the motion would alleviate prejudice to plaintiffs, only at the cost of imposing prejudice upon defendants.

The rule favoring plaintiffs' choice of forum does not require grant of plaintiffs' motion.

### 2. *The First-In-Time Rule*

Defendants do not focus on the issue of legal prejudice. Instead, they cite the general rule that a court first obtaining jurisdiction should hear the case and restrain the parties from adjudicating the claim elsewhere. *See Crosley Corp. v. Westinghouse Electric and Manufacturing Co.*, 130 F.2d 474, 475 (3d Cir.1942), *cert. denied*, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir.1941), *cert. denied*, 315 U.S. 813, 62 S.Ct. 913, 86 L.Ed. 1224; *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir.1970) (J. Friendly). *See also Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 535, 6 L.Ed. 752 (1824) (Marshall, C.J.) ("[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it."); *Pall Corp. v. Bentley Laboratories, Inc.*, 523 F.Supp. 450 (D.Del.1981) (granting defendant's motion to transfer for consolidation with previous suit initiated by defendant).

The *Westinghouse* and *Hazeltine* decisions deal with the more common situation in which the defendant in the first action files suit in another forum against the original plaintiff. The same rule applies, however, where two suits are initiated by the same plaintiff. *See Old Charter Distillery Co. v. Continental Corp.*, 59 F.Supp. 528, 530 (D.Del.1945) (denying defendant's motion to enjoin prosecution of first suit); *Semmes*, 429 F.2d at 1203 (granting defendant's motion to stay second suit); *O'Hare International Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir.1972) (granting plaintiff's motion to stay or dismiss without prejudice second suit). As noted by Judge Friendly in *Semmes*, the primary rationale for the rule in the context of a motion by a plaintiff to stay or dismiss is the danger of forum-shopping: "[W]hen [plaintiffs] see a storm brewing in the first court, they may try to weigh anchor and set sail for the hopefully more favorable waters of another district." 429 F.2d at 1203.[5]

Plaintiffs candidly admit to a degree of forum-shopping: "While both Delaware and Connecticut afforded the plaintiffs jurisdiction over the defendants, Connecticut as the defendants' home base seemed less

---

**4.** The Seventh Circuit subsequently abandoned its unique view, stated in *Bolten,* that a plaintiff has an absolute right of dismissal under Rule 41(a)(2). *See Grivas v. Parmalee Transp. Co.,* 207 F.2d 334, 336 (7th Cir.1953). It is not clear whether the decision in *Bolten* with respect to legal prejudice would be applied by that circuit under the majority view. The *Grivas* decision itself granted plaintiff's motion to dismiss on the grounds that the defendant in a removed suit has no right to a federal forum, the substantive law would remain the same, and dismissal would preclude the need for a lawsuit in both state and federal court.

In contrast to the present case, there is no indication in *Klar* that plaintiff litigated the statute of limitations defense before filing its motion to dismiss. Similarly in *Bolten,* while decided on the premise that plaintiff has an absolute right to dismissal, it appears that plaintiff was not interested in rebutting the statute of limitations defense and briefed it only because it was considered by the court in conjunction with plaintiff's motion to dismiss or transfer.

**5.** The *Semmes* court noted a "Hobson's choice" for defendants: acquiesce to the change in forum or defend two actions at once. *Id.* Defendants in this case will not be put to such a choice under plaintiffs' scenario, since the action would be stayed or dismissed in this forum and tried in Connecticut. The problems of waste and inconsistency inherent in duplicative litigation, *see Hazeltine,* 122 F.2d at 930, consequently would not arise. However, the objection to forum-shopping remains.

preferable than Delaware." Plaintiffs' Reply Brief at 17. They assert, however, that the circumstances of this case do not raise the forum-shopping danger since they are seeking not a "second bite at the apple" but only one clear bite at its substantive core.

The problem with characterizing plaintiffs as innocent victims who seek only to try the merits of their case is that they chose to litigate the statute of limitations defense when it was raised here. Plaintiffs had ample opportunity to move to take their case to Connecticut in the eight months that elapsed between defendants' motion and this Court's summary judgment order. Instead, plaintiffs filed suit in Connecticut only after briefing, arguing, and losing the statute of limitations issue in this Court, failing to obtain reargument, and appealing to the Court of Appeals.

Plaintiffs' counsel stated at oral argument that they chose to fight the waiver issue in this Court rather than immediately file suit in Connecticut for two reasons: because they thought they were on solid ground in arguing that the statute of limitations had been waived, and because they did not want to give the appearance of running away and engaging in forum-shopping. These arguments provide some justification for the decision to contest the waiver issue, but do not alleviate the forum-shopping concern. If plaintiffs chose then to contest the issue because they believed they would prevail, they should not complain now when put to that test. Had the Court denied defendants' motion for summary judgment, the statute of limitations defense would remain an issue, just as it is today. The appearance of forum-shopping, moreover, is presented no less by filing in Connecticut after an adverse decision in this Court than by filing immediately upon defendants' assertion of the defense.[6]

Plaintiffs' argument in support of their present motion is premised on their asser-

tion that defendants had agreed to waive the statute of limitations defense and then reneged on that agreement. This approach assumes away the central issue of whether the waiver in fact applied to an action in this forum. The applicability of a statute of limitations defense is one of the risks inherent in litigation. Defendants have the right to challenge the waiver claim and assert the defense in the forum selected by plaintiffs. Were this Court to grant plaintiffs' motion, future plaintiffs would be encouraged to take calculated risks as to where to file suit, contest any procedural obstacles that arise and, if they do not win, exclaim surprise that the issue was raised at all and ask leave to sail on to the next forum. Under plaintiffs' theory, they need not prove that the defense could not have been raised.

■ Exceptions to the "first in time" approach do exist. The second-filed suit may take priority where the balance of inconvenience or unusual circumstances favor the second action. *Berkshire International Corp. v. Marquez*, 69 F.R.D. 583, 586 (E.D.Pa.1976) (plaintiff's motion to enjoin and defendant's motion to transfer; *Semmes*, 429 F.2d at 1202–03 ("rare indeed"). However, the Court rejects plaintiffs' suggestion that their ability to litigate in Connecticut unencumbered by a statute of limitations defense, after having "tested the waters" in this Court, is the sort of special circumstance that warrants a stay or dismissal of the present action. It also rejects plaintiffs' suggestion that "full justice," *see Semmes*, 429 F.2d at 1203, might not be done in this Court.

In sum, the first-in-time rule compels this Court to deny plaintiffs' motion. Even if the plaintiffs'-choice rule called for a different result, which it does not, that rule would have to yield because the forum-shopping rationale for the first-in-time rule so clearly applies to this case. To hold

6. In fact, Delaware was not plaintiffs' first choice of forum. They prosecuted this case only after the federal court in California, their home state, dismissed their action in that court for lack of jurisdiction over defendants. Plain-

tiffs then turned to Delaware because it was not defendants' home state, and now turn to Connecticut because it would provide a more hospitable climate.

otherwise would be to invite the very abuse the first-in-time rule and other procedural rules attempt to address.

*Defendants' Motion to Enjoin Connecticut Prosecution*

Having denied plaintiffs' motion to stay or dismiss this proceeding, attention is now turned to defendants' motion to enjoin plaintiffs from litigating the parallel action in Connecticut. The Court's authority to enjoin a party within its jurisdiction from prosecuting the same cause of action in another suit in another court is undisputed. *See Hazeltine,* 122 F.2d at 930; *Old Charter Distillery Co. v. Continental Distillery Corp.,* 59 F.Supp. 528, 530 (D.Del. 1945); *Berkshire International Corp. v. Marquez,* 69 F.R.D. 583, 591 (E.D.Pa.1976).

All issues raised in the later filed Connecticut litigation will be heard in the Delaware district. Plaintiffs will be enjoined from prosecuting their Connecticut lawsuit.

*Conclusion*

For the foregoing reasons, plaintiffs' motion to stay these proceedings or to dismiss without prejudice will be denied. Defendants' motion to enjoin plaintiffs from litigating the parallel action in Connecticut will be granted.